

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JEROME USHER,**

    Petitioner,

v.                                                                    Civil Action No. **3:13cv386**

**KEITH W. DAVIS,**

    Respondent.

## MEMORANDUM OPINION

By Memorandum Order entered October 9, 2013, the Court ordered Jerome Usher to show cause within eleven (11) days of the date of entry thereof why his 28 U.S.C. § 2254 petition should not be dismissed for lack of exhaustion. (ECF No. 4.) Usher failed to respond, and by Memorandum Opinion and Order entered January 6, 2014, the Court dismissed without prejudice Usher's 28 U.S.C. § 2254 petition for failing to follow the Court's directives.

On January 31, 2014, the Court received from Usher a letter that the Court construes as a motion filed pursuant to Fed. R. Civ. P. Rule 59(e)[1] ("Rule 59(e) Motion," ECF No. 10), *see MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

The reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or

---

[1] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Usher fails to satisfy any of the above requirements. At most he claims he "did not understand the Court's directives in the August 28, 2013 Memorandum Order" (Rule 59(e) Mot. 1 (capitalization corrected)), but provides no explanation for his failure to respond to the Court's October 9, 2013 show cause Order. Moreover, because the Court dismissed the action without prejudice, Usher remains free to refile the action. Accordingly, the Rule 59(e) Motion (ECF No. 10) will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 4-9-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge